IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIELLE WILSON, a minor, by Hope Lower, Individually as parent and next friend of Danielle Wilson; BRYAN BENDICKSON, a minor, by Cindy Bendickson, Individually as parent and next friend of Bryan Bendickson; ABIGAIL BUNETA, a minor, by Marianne Buneta and Jason Gultch, Individually as parents and next friends of Abigail Buneta; ITAIR JONES, a minor, by Monica Jones and Roosevelt Jones, Individually as parents and next friends of Itair Jones; MARQUISE BLACK, a minor, by Carlisa Black and John Black, Individually as parents and next friends of Marquise Black; PAIGE SCHULZE, a minor, by Mary Schulze, Individually as parent and next friend of Paige Schulze; DANIEL KNOWLES, a minor, by Norneesa Knowles, Individually as parent and next friend of Daniel Knowles; STEVON JONES, a minor, by Sharon Jones and Antoine Bossier, Individually as parents and next friends of Stevon Jones, | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL NO. 11-1078-GPM |
| PFIZER, INC., | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiffs filed this action in St. Clair County, Illinois, alleging strict products liability, negligence, violations of the Illinois Consumer Fraud Act, and various counts of misrepresentation,

breach of warranty, and fraud (Doc 2-1). Plaintiffs claim that use of Pfizer's product Zoloft by pregnant women caused birth defects in their children. Pfizer removed the case, citing the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 2). The case is now before the Court on Plaintiffs' motion to remand (Doc. 12). For the following reasons, Plaintiffs' motion to remand is **GRANTED**.

Defendant Pfizer is incorporated in Delaware with its principal place of business in New York (Doc. 2). Pfizer is therefore a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1). Plaintiffs Daniel Knowles and Norneesa Knowles are also citizens of New York (Doc. 2). As the proponent of federal jurisdiction, Pfizer "bears the burden of demonstrating that the requirements for diversity are met. Specifically [that party] must establish complete diversity, meaning that no plaintiff may be from the same state as any defendant." *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 803 (7th Cir. 2009) (internal citations and quotations omitted). The parties here are clearly not completely diverse–the Knowles and Pfizer are all citizens of New York. Pfizer nevertheless argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, invoking the concept of "fraudulent misjoinder."

Fraudulent misjoinder is distinct from fraudulent joinder–joining a nondiverse defendant in an attempt to avoid federal diversity jurisdiction. *Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011). Fraudulent joinder is a difficult-to-establish "exception to the requirement of complete diversity" which prevents remand. *Id.; Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 764 (7th Cir. 2009). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or when there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327

(7th Cir. 1993). Fraudulent misjoinder (or "procedural misjoinder") on the other hand, would permit a federal court to find complete diversity when plaintiffs have "egregious[ly]" misjoined their, non-fraudulent, claims. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996). Neither the Seventh Circuit nor the United States Supreme Court have considered the validity of the fraudulent misjoinder doctrine. However, several District Judges in this District, including the undersigned, have considered and rejected the doctrine. *See Aranda v. Walgreen Co.,* No. 11-cv-654-JPG-DGW, 2011 WL 3793648 (S.D.Ill. Aug. 24, 2011); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* 779 F.Supp.2d 846 (S.D.Ill. 2011); *Baker v. Johnson & Johnson,* 709 F.Supp.2d 677 (S.D.Ill. 2010); *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842 (S.D.Ill. 2006).

This Court holds to the rationale discussed at length in *Rutherford*, most notably that fraudulent misjoinder "is an improper expansion of the scope of federal diversity jurisdiction by the federal courts." *Rutherford,* 428 F.Supp. 2d at 852. The undersigned has issued several orders summarizing *Rutherford* in detail. *See Baker v. Johnson & Johnson,* 709 F.Supp.2d at 686; *Anderson v. Bayer Corp.,* No. 09-988-GPM, 2010 WL 148633 (S.D.Ill. Jan. 13, 2010); *Lecker v. Bayer Corp.,* No. 09-991-GPM, 2010 WL 148627 (S.D.Ill. Jan. 13, 2010); *Bancroft v. Bayer Corp.,* No. 09-990-GPM, 2010 WL 148628 (S.D.Ill. Jan. 13, 2010); *Brown v. Bayer Corp.,* No. 09-989-GPM, 2010 WL 148629 (S.D.Ill. Jan. 13, 2010); *Robinson v. Ortho-McNeil Pharmaceutical, Inc.,* 533 F.Supp.2d 838, 842 (S.D.Ill. 2008).

The Court finds it unnecessary to rehash *Rutherford* yet again here. The Court does not accept the doctrine of fraudulent misjoinder, and as that doctrine formed the only basis for Pfizer's removal, Plaintiffs' motion to remand is **GRANTED**–federal subject matter jurisdiction is lacking

as there is not complete diversity between the parties.  This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.  All other pending motions are denied as moot.  The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: March 27, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge